IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>SYDELL, INC. D/B/A SPA SYDELL,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 16-64647 |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL
AND TO PROVIDE ADEQUATE PROTECTION THEREFOR
AND REQUEST FOR EMERGENCY PRELIMINARY HEARING**

COMES NOW Sydell, Inc. d/b/a Spa Sydell, debtor and debtor-in-possession (the "**Debtor**") in the above-styled case (the "**Case**"), by and through the undersigned counsel, and files this Motion, respectfully showing the Court as follows:

**Relief Requested**

1.

By this Motion, the Debtor requests entry of an order authorizing the Debtor to use Cash Collateral and for entry of an Interim Order Authorizing Use of Cash Collateral to avoid immediate and irreparable harm pending a final hearing on the motion. For the reasons set forth below, the Debtor requests authority to us Cash Collateral.

**Jurisdiction**

2.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.

On August 22, 2016, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to operate its businesses as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.

The Debtor previously has been a debtor in possession. The Debtor's prior bankruptcy case was filed on September 3, 2009 and was assigned Chapter 11 Case No. 09-83407 in this Court. The prior bankruptcy case was assigned to Chief Judge C. Ray Mullins. After confirmation and substantial consummation of a plan of reorganization, the Court entered an Order Granting Application for Final Decree and closed that bankruptcy case on February 17, 2012.

5.

The Debtor operates six health and beauty spas in metropolitan Atlanta. The Debtor is currently building out space to open a seventh spa in Huntsville, Alabama. The metropolitan locations operated under the trade name "Spa Sydell" are The Creekview at Cumming, The Brookwood at Buckhead, The Alpharetta at Mansell, the Forum Shoppes, Park Place at Ashford Dunwoody and Town Center at Barrett Parkway. The Debtor's headquarters are located in Woodstock. The Debtor employs 61 people, which number fluctuates based upon demand, of which 3 are salaried, and 58 are hourly wage earners. The Debtor also has 86 independent contractors. Additional information about the Debtor's business and the events leading up to the Petition Date can be found in the Declaration of Reina A. Bermudez in Support of First Day Applications and Motions (the "Bermudez Declaration") which is incorporated herein by

reference.

## Basis for Relief

6.

Debtor is indebted to Branch Bank & Trust (BB&T) in the approximate amount of $399,008.00 (hereinafter the "BB&T Debt").

7.

BB&T was the Debtor's senior secured creditor in its first Chapter 11 case. BB&T's original secured claim was perfected by filing a UCC-1 Financing Statement on October 4, 2004 and BB&T filed a continuation statement on August 11, 2009 thereby continuing its perfection through October of 2014. It does not appear that BB&T filed a second continuation statement in 2014 and, as a result, its liens and security interests appear to have lapsed. Because BB&T in the Debtor's prior Chapter 11 case asserted a security interest in all accounts receivable and cash owned by the Debtor, and the proceeds thereof, and against Debtor's inventory, equipment and fixtures, the Debtor is providing BB&T with notice of this Motion.

8.

Subsequent to the closing of the Debtor's prior Chapter 11 case, the Debtor granted security interests in various collateral to American Express Bank, FSB ("Amex Bank") and to Merchant Capital Source, LLC ("Merchant Capital"). The Internal Revenue Service has filed several Notices of Federal Tax Lien against Spa Sydell-Management, a Corporation, and Sydell Skin Care – Cosmetics on September 7, 2012, March 22, 2013, March 25, 2013, July 8, 2013, July 10, 2013, August 30, 2013, and April 25, 2016. Spa-Sydell-Management was merged into the Debtor in 1996. The State of Georgia Department of Labor has filed several Notices of Administrative Assessment against the Debtor on May 22, 2014 and on June 23, 2014. The City of Atlanta, Fulton

County and DeKalb County have filed Writs of Fieri Facias. Certain of Debtor's creditors may also assert judgment liens against the Debtor, including Bell Sembler I, LLC which filed a Writ of Fieri Facias against the Debtor in DeKalb County, Georgia on August 28, 2009 and CPT Peachtree Forum I, LLC which filed a Writ of Fieri Facias against the Debtor in Gwinnett County, Georgia, on April 5, 2016 for $213,181.86.

9.

The Debtor's accounts receivable, cash and proceeds thereof may constitute "cash collateral" as that term is defined in 11 U.S.C. §363(a).

10.

In the course of operating its business, Debtor incurs certain operating expenses which are necessary for the continued operation of such business. Debtor also generates accounts receivable and proceeds, which may constitute cash collateral in which one of more of Debtor's lenders may assert an interest. The Debtor will file a projected monthly budget of Debtor's operations as soon as it is completed.

11.

Unless authorized to use the Cash Collateral in the ordinary course of business, Debtor's operations will be impaired and Debtor's ability to reorganize will be jeopardized.

12.

As adequate protection for any interest lenders with valid security interests may have in cash collateral, Debtor proposes:

    a.    That each such lender be granted a security interest in and lien upon Debtor's post-petition accounts receivable and proceeds to the same extent and priority as its pre-petition lien and interest in its pre-petition collateral;

b.  Continuation of the lien and security interest held by such lender in its pre-petition Collateral; and

c.  Provision of Debtor's monthly operating reports required by the United States Trustee and filed with this Court.

WHEREFORE, Debtor moves this Court for the entry of an Order authorizing Debtor's use of cash collateral, and for such other and further relief as may be just and proper.

**REQUEST FOR EMERGENCY PRELIMINARY RELIEF**

13.

The Debtor has an immediate need for the use of cash collateral for critical operating expenses prior to the scheduling of a final hearing on this Motion.

14.

Unless authorized to use cash collateral during the mandatory fourteen (14) day period prior to a final hearing on this Motion, Debtor's operations will be immediately harmed and Debtor's ability to reorganize significantly impaired.

15.

Conduct of an emergency preliminary hearing on this Motion and interim authorization of Debtor's use of cash collateral, in accordance with Exhibit "A" attached thereto, are necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing.

16.

Attached as Exhibit "A" is a proposed Interim Order Authorizing Use of Cash Collateral Pending Final Hearing.

WHEREFORE, the Debtor requests that this Court schedule an emergency preliminary hearing on this Motion and authorize Debtor's use of cash collateral on an interim basis, pending

the final hearing on this Motion.

Respectfully submitted,

| | |
|---|---|
| | /s/ J. Michael Levengood |
| 150 S. Perry Street, Suite 208 | JOHN MICHAEL LEVENGOOD |
| Lawrenceville, GA 30046 | Georgia Bar No. 447934 |
| T:   (678) 765-1745 | LAW OFFICE OF J. MICHAEL LEVENGOOD, LLC |
| F:   (678) 606-5031 | |
| E:   mlevengood@levengoodlaw.com | *Proposed Counsel for the Debtor* |

- 6 -

EXHIBIT "A"

EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

SYDELL, INC. D/B/A SPA SYDELL,

Debtor.

CHAPTER 11

CASE NO. 16-64647

## INTERIM ORDER GRANTING MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND NOTICE OF HEARING ON ENTRY OF FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL

IT APPEARING TO THIS COURT that on August 22, 2016, Sydell, Inc. (the "Debtor"), filed its "Motion for to Use Cash Collateral and To Provide Adequate Protection Therefor and Request for Emergency Preliminary Hearing" (the "Motion"); and

IT FURTHER APPEARING TO THIS COURT that the Motion first came before the Court for a preliminary hearing at _____ P.M. on August __, 2016 (the "First Hearing"); and

IT FURTHER APPEARING TO THIS COURT that counsel for the Debtor,

Branch Banking & Trust Company ("BB&T") and the United States Trustee have agreed that it is in the best interests of all parties to conclude an interim cash collateral order that, among other things, governs the Debtor's use of cash until such time as further hearing can be held and the Court can enter a Interim Order authorizing the use of cash collateral; and

**IT FURTHER APPEARING TO THIS COURT** that counsel for the Debtor and BB&T have consented to the entry of this Interim Order Granting Motion for Authority to Use Cash Collateral (the "First Interim Order") by the signatures of their undersigned counsel, it appears to the Court as follows:

A. On August 22, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court, and is continuing to manage its assets as debtor-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

B. The Debtor owns and operates a series of personal day spas with six (6) retail locations throughout the Atlanta area.

C. Prior to, on and after the Petition Date, the Debtor is entitled to collect the cash proceeds from the use and sale of the Pre-Petition Collateral (the "Cash Collateral"). The Debtor now seeks to use the Cash Collateral to operate its business.

D. The Debtor asserts that it is in the continued best interest of the estate and its creditors that the Debtor be permitted to use Cash Collateral in the manner provided for herein.

E. Notice of this Motion has been provided to necessary parties in compliance with Federal Rules of Bankruptcy Rule 4001(b)(2).

Based upon the foregoing, it is hereby

- 2 -

**ORDERED AND ADJUDGED** as follows:

1. **Usage Period.** Subject to the terms and conditions contained herein, the Debtor is authorized to use Cash Collateral through the date of the final hearing on the Debtor's Motion to Use Cash Collateral.

2. **Projected Use of Cash.** Unless a senior secured creditor holding a security interest in the cash collateral shall otherwise agree in writing, the amount of Cash Collateral which the Debtor may use during the Usage Period shall not exceed one hundred and ten percent (110%) of each line item set forth in the budget attached hereto as **Exhibit "A"** (the "Budget"). In the event that the Debtor develops a surplus in regard to any line item, the Debtor may apply said surplus to a separate line item where the Debtor anticipates exceeding the line item limitation.

3. **Authorized Disbursements.** The Debtor shall only be authorized to use Cash Collateral for the actual and necessary expenses of operating the Debtor and conducting the Debtor's business affairs pursuant to the Budget, as set forth above. Unless otherwise authorized by order of the Court, the Debtor shall not use Cash Collateral for the payment of any pre-petition indebtedness or obligations of, or pre-petition claims against, the Debtor.

4. **Lien on Post-Petition Collateral.** Pursuant to 11 U.S.C. §§ 361 and 363, to the extent that the Debtor uses Cash Collateral, each existing senior secured lender is granted a continuing valid, attached, choate, enforceable, perfected and continuing security interest in, and lien upon, all post-petition assets of the Debtor of the same type and to the same extent as (i) the collateral securing the Debtor's indebtedness to such creditor prior to the Petition Date (the "Post-Petition Collateral"). The priority of said security interests in, and liens upon, the Post-Petition Collateral shall be the same priority as existed in and upon the Pre-Petition

- 3 -

Collateral. The liens and security interests granted by this Order shall, upon entry of this Order, continue to be perfected as of the Petition Date, without regard to applicable federal, state or local filing and recording statutes, and without further action of any party; provided, however, that the described replacement liens shall not attach to claims or causes of action of the Debtor that arise solely under the Bankruptcy Code.

5. **Validity of Collateral Claims.** Nothing herein shall be deemed an admission by the Debtor as to the extent, validity or perfection of any creditor's security interests in the Pre-Petition Collateral, the Post-Petition Collateral or the Cash Collateral. In the event any creditor's security interests in, or lien upon, the Pre-Petition Collateral is reduced or invalidated by order of this Court, then its security interests in, and liens upon, the Post-Petition Collateral granted by this Order shall be reduced or invalidated commensurately.

6. **Deposits of Cash Collateral.** All Cash Collateral shall be deposited in the Debtor's debtor-in-possession Operating Account; provided, however, that credit card charges may continue to be deposited in the Debtor's depository accounts and then be swept into the Debtor's debtor-in-possession Operating Account.

7. **Accounting.** The Debtor shall at all times (a) sequester, segregate and account for all Cash Collateral that comes into its possession, custody or control, (b) keep and provide on a periodic basis (no less than monthly) records reasonably sufficient to determine the status of Cash Collateral collections and expenditures, and (c) provide to senior secured lenders with copies of the monthly operating reports filed with this Court and with the Office of the United States Trustee.

8. **Insurance.** To the extent that it remains necessary and appropriate, the Debtor shall insure the Pre-Petition Collateral and the Post-Petition Collateral against all risks to which it may

- 4 -

be exposed, including loss, damage, fire, theft and all other such risks, in an amount not less than the fair market value of such collateral, with such insurance providers, and under such policies, and in such form as is appropriate for a business of a type similar to the Debtor using sound business judgment.

9. **Failure of Adequate Protection.** The terms and conditions of this Order are intended to provide each creditor with a perfected pre-petition security interests with adequate protection for its interests in the property of the Debtor.

10. **Events of Default.** Each of the following shall constitute an "Event of Default" under this Order:

> (a) The occurrence of any material breach, default or non-compliance with the terms of this Order;
>
> (b) Conversion of this Chapter 11 case to a case under Chapter 7; and
>
> (c) Appointment of a trustee in this Chapter 11 case.

11. **Termination.** The Debtor's authority to use cash collateral shall terminate, and shall no longer be subject to the terms of this Interim Order,

> (a) Upon payment to such secured creditor of all sums due and owing from the Debtor to such secured creditor, including such attorneys fees, expenses and interest as the parties may agree upon or this Court shall order, pursuant to 11 U.S.C. §§ 503 or 506; or
>
> (b) Upon confirmation by the Debtor of a Plan of Reorganization in this case;
>
> (c) September 15, 2016;

Notwithstanding the deadlines set out above, this Order, and all provisions of this Order other

- 5 -

than those pertaining to (i) the amount and character of the Debtor's expenditures; and (ii) the Debtor's reporting requirements, shall remain in full force and effect.

12. **Effect of Modification, Vacation or Stay.** If any provision of this Order is hereafter modified, vacated or stayed, such modification, vacation or stay shall not (i) affect the validity or authority of the Debtor's use of Cash Collateral under this Interim Order prior to such time, or (ii) affect the validity, priority or enforceability of the security interests and liens granted the senior secured lender for such use, prior to the effective date of such modification, vacation or stay.

13. **Notice of Hearing on Entry of Final Order Authorizing the Use of Cash Collateral.** Notice is herewith given to all parties that a hearing shall take place before this Court in Courtroom _____ of the Richard Russell Federal Building, 75 Ted Turner Drive, Atlanta, Georgia 30303 on _____ at _____, to consider the entry of a final order authorizing the Debtor to use cash collateral. Any person wishing to object to the entry of a final order authorizing the Debtor to use cash collateral should file a written objection with the Clerk of the United States Bankruptcy Court for the Northern District of Georgia at Room 1340, Richard Russell Federal Building, 75 Ted Turner Drive, Atlanta, Georgia 30303, or online through ECF on or before **5:00PM on** _____. Any party filing such an objection shall appear at the hearing on _____ to advocate said objection, or the objection may be denied without further hearing.

**END OF DOCUMENT**

Prepared and presented by:

/s/ J. Michael Levengood
John Michael Levengood
Georgia Bar No. 447934
LAW OFFICE OF J. MICHAEL LEVENGOOD, LLC
150 S. Perry Street, Suite 208
Lawrenceville, GA 30046
T: (678) 765-1745
F: (678) 606-5031
E: mlevengood@levengoodlaw.com

*Proposed Counsel for the Debtor*

- 7 -

## DISTRIBUTION LIST

John Michael Levengood
Law Office Of J. Michael Levengood, LLC
150 S. Perry Street, Suite 208
Lawrenceville, GA 30046

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303