IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>SYDELL, INC. D/B/A SPA SYDELL,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 16-64647-pwb |

NOTICE OF FILING OF PROPOSED INTERIM ORDER GRANTING MOTION
FOR AUTHORITY TO USE CASH COLLATERAL AND NOTICE OF HEARING ON ENTRY
OF FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL
WITH ATTACHED BUDGET

**PLEASE TAKE NOTICE** that the above-named debtor in possession (the "Debtor") has filed the attached **proposed** "INTERIM ORDER GRANTING MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND NOTICE OF HEARING ON ENTRY OF FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL WITH ATTACHED BUDGET" which relates to the Debtor's Motion to Use Cash Collateral [Docket No. 8]. The proposed Interim Order contains the Debtor's proposed two-week budget as Exhibit "A". Counsel for Branch Banking & Trust Company has consented to the proposed Interim Order.

This 24th day of August, 2016.

Respectfully submitted,
/s/ J. Michael Levengood

| | |
|---|---|
| 150 S. Perry Street, Suite 208<br>Lawrenceville, GA 30046<br>T:    (678) 765-1745<br>F:    (678) 606-5031<br>E:    mlevengood@levengoodlaw.com | JOHN MICHAEL LEVENGOOD<br>Georgia Bar No. 447934<br>LAW OFFICE OF J. MICHAEL LEVENGOOD, LLC<br>*Proposed Counsel for the Debtor* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>SYDELL, INC. D/B/A SPA SYDELL,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 16-64647 |

**INTERIM ORDER GRANTING MOTION FOR AUTHORITY TO USE CASH
COLLATERAL AND NOTICE OF HEARING
ON ENTRY OF FINAL ORDER AUTHORIZING
THE USE OF CASH COLLATERAL**

**IT APPEARING TO THIS COURT** that on August 22, 2016, Sydell, Inc. (the "Debtor"), filed its "Motion for Authority to Use Cash Collateral and To Provide Adequate Protection Therefor and Request for Emergency Preliminary Hearing" (the "Motion"); and

**IT FURTHER APPEARING TO THIS COURT** that the Motion first came before the Court for a preliminary hearing at 9:25 A.M. on August 25, 2016 (the "First Hearing"); and

**IT FURTHER APPEARING TO THIS COURT** that counsel for the Debtor,

Branch Banking & Trust Company ("BB&T") and the United States Trustee have agreed that it is in the best interests of all parties to conclude an interim cash collateral order that, among other things, governs the Debtor's use of cash until such time as further hearing can be held and the Court can enter a Interim Order authorizing the use of cash collateral; and

**IT FURTHER APPEARING TO THIS COURT** that counsel for the Debtor and BB&T have consented to the entry of this Interim Order Granting Motion for Authority to Use Cash Collateral (the "First Interim Order") by the signatures of their undersigned counsel, it appears to the Court as follows:

A. On August 22, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court, and is continuing to manage its assets as debtor-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

B. The Debtor owns and operates a series of personal day spas with six (6) retail locations throughout the Atlanta area.

C. Prior to, on and after the Petition Date, the Debtor is entitled to collect the cash proceeds from the use and sale of the Pre-Petition Collateral (the "Cash Collateral"). The Debtor now seeks to use the Cash Collateral to operate its business.

D. The Debtor asserts that it is in the continued best interest of the estate and its creditors that the Debtor be permitted to use Cash Collateral in the manner provided for herein.

E. Notice of this Motion has been provided to necessary parties in compliance with Federal Rules of Bankruptcy Rule 4001(b)(2).

Based upon the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. **Usage Period.** Subject to the terms and conditions contained herein, the Debtor is authorized to use Cash Collateral through the date of the final hearing on the Debtor's Motion to Use Cash Collateral.

2. **Projected Use of Cash.** Unless a senior secured creditor holding a security interest in the cash collateral shall otherwise agree in writing, the amount of Cash Collateral which the Debtor may use during the Usage Period shall not exceed one hundred and ten percent (110%) of each line item set forth in the budget attached hereto as **Exhibit "A"** (the "Budget"). In the event that the Debtor develops a surplus in regard to any line item, the Debtor may apply said surplus to a separate line item where the Debtor anticipates exceeding the line item limitation.

3. **Authorized Disbursements.** The Debtor shall only be authorized to use Cash Collateral for the actual and necessary expenses of operating the Debtor and conducting the Debtor's business affairs pursuant to the Budget, as set forth above. Unless otherwise authorized by order of the Court, the Debtor shall not use Cash Collateral for the payment of any pre-petition indebtedness or obligations of, or pre-petition claims against, the Debtor.

4. **Lien on Post-Petition Collateral.** Pursuant to 11 U.S.C. §§ 361 and 363, to the extent that the Debtor uses Cash Collateral, each existing senior secured lender is granted a continuing valid, attached, choate, enforceable, perfected and continuing security interest in, and lien upon, all post-petition assets of the Debtor of the same type and to the same extent as (i) the collateral securing the Debtor's indebtedness to such creditor prior to the Petition Date (the "Post-Petition Collateral"). The priority of said security interests in, and liens upon, the Post-Petition Collateral shall be the same priority as existed in and upon the Pre-Petition

Collateral. The liens and security interests granted by this Order shall, upon entry of this Order, continue to be perfected as of the Petition Date, without regard to applicable federal, state or local filing and recording statutes, and without further action of any party; provided, however, that the described replacement liens shall not attach to claims or causes of action of the Debtor that arise solely under Chapter 5 of the Bankruptcy Code.

5. **Validity of Collateral Claims.** Nothing herein shall be deemed an admission by the Debtor as to the extent, validity or perfection of any creditor's security interests in the Pre-Petition Collateral, the Post-Petition Collateral or the Cash Collateral. In the event any creditor's security interests in, or lien upon, the Pre-Petition Collateral is reduced or invalidated by order of this Court, then its security interests in, and liens upon, the Post-Petition Collateral granted by this Order shall be reduced or invalidated commensurately.

6. **Deposits of Cash Collateral.** All Cash Collateral shall be deposited in the Debtor's debtor-in-possession Operating Account; provided, however, that credit card charges may continue to be deposited in the Debtor's depository accounts and then be swept into the Debtor's debtor-in-possession Operating Account.

7. **Accounting.** The Debtor shall at all times (a) sequester, segregate and account for all Cash Collateral that comes into its possession, custody or control, (b) keep and provide on a periodic basis (no less than monthly) records reasonably sufficient to determine the status of Cash Collateral collections and expenditures, and (c) provide to senior secured lenders with copies of the monthly operating reports filed with this Court and with the Office of the United States Trustee.

8. **Insurance.** To the extent that it remains necessary and appropriate, the Debtor shall insure the Pre-Petition Collateral and the Post-Petition Collateral against all risks to which it may

be exposed, including loss, damage, fire, theft and all other such risks, in an amount not less than the fair market value of such collateral, with such insurance providers, and under such policies, and in such form as is appropriate for a business of a type similar to the Debtor using sound business judgment.

9. **Failure of Adequate Protection.** The terms and conditions of this Order are intended to provide each creditor with a perfected pre-petition security interests with adequate protection for its interests in the property of the Debtor.

10. **Events of Default.** Each of the following shall constitute an "Event of Default" under this Order:

    (a)    The occurrence of any material breach, default or non-compliance with the terms of this Order;

    (b)    Conversion of this Chapter 11 case to a case under Chapter 7; and

    (c)    Appointment of a trustee in this Chapter 11 case.

11. **Termination.** The Debtor's authority to use cash collateral shall terminate, and shall no longer be subject to the terms of this Interim Order,

    (a)    Upon payment to such secured creditor of all sums due and owing from the Debtor to such secured creditor, including such attorneys fees, expenses and interest as the parties may agree upon or this Court shall order, pursuant to 11 U.S.C. §§ 503 or 506;

    (b)    Upon confirmation by the Debtor of a Plan of Reorganization in this case; or

    (c)    September 15, 2016;

Notwithstanding the deadlines set out above, this Order, and all provisions of this Order other

than those pertaining to (i) the amount and character of the Debtor's expenditures; and (ii) the Debtor's reporting requirements, shall remain in full force and effect.

12. **Effect of Modification, Vacation or Stay.** If any provision of this Order is hereafter modified, vacated or stayed, such modification, vacation or stay shall not (i) affect the validity or authority of the Debtor's use of Cash Collateral under this Interim Order prior to such time, or (ii) affect the validity, priority or enforceability of the security interests and liens granted the senior secured lender for such use, prior to the effective date of such modification, vacation or stay.

13. **Notice of Hearing on Entry of Final Order Authorizing the Use of Cash Collateral.** Notice is herewith given to all parties that a hearing shall take place before this Court in Courtroom _____ of the Richard Russell Federal Building, 75 Ted Turner Drive, Atlanta, Georgia 30303 on _____ **at** _____, to consider the entry of a final order authorizing the Debtor to use cash collateral. Any person wishing to object to the entry of a final order authorizing the Debtor to use cash collateral should file a written objection with the Clerk of the United States Bankruptcy Court for the Northern District of Georgia at Room 1340, Richard Russell Federal Building, 75 Ted Turner Drive, Atlanta, Georgia 30303, or online through ECF on or before **5:00PM on** _____. Any party filing such an objection shall appear at the hearing on _____ to advocate said objection, or the objection may be denied without further hearing.

**END OF DOCUMENT**

Prepared and presented by:

/s/ J. Michael Levengood
John Michael Levengood
Georgia Bar No. 447934
LAW OFFICE OF J. MICHAEL LEVENGOOD, LLC
150 S. Perry Street, Suite 208
Lawrenceville, GA 30046
T: (678) 765-1745
F: (678) 606-5031
E: mlevengood@levengoodlaw.com

*Proposed Counsel for the Debtor*


Consented To:

/s/       JASON H. WATSON
Jason H. Watson
Georgia Bar No. 741414
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, N.W.
Suite 2400
Atlanta, Georgia 30363-1017
(404) 879-2429 direct phone
(404) 870-4829 direct fax
jawatson@wcsr.com

*Counsel for Branch Banking & Trust Company*

- 7 -

## DISTRIBUTION LIST

John Michael Levengood
Law Office Of J. Michael Levengood, LLC
150 S. Perry Street, Suite 208
Lawrenceville, GA 30046

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Jason H. Watson
Womble Carlyle Sandridge & Rice, LLP
271 17th Street, N.W.
Suite 2400
Atlanta, Georgia 30363-1017

**EXHIBIT "A"**

- 9 -

Case 16-64647-pwb    Doc 19    Filed 08/24/16    Entered 08/24/16 17:34:56    Desc Main
            Document      Page 10 of 11

- 9 -

**EXHIBIT "A"**

**Cash Flow Forecast**
**2 weeks**
**Beginning August 22, 2016**

|  | Aug-26 | Sep-02 |
|---|---:|---:|
| Beginning Cash | $ 17,000 | $ 39,185 |
| Total Receipts | $ 112,000 | $ 97,000 |
| Cash Available to Spend | $ 129,000 | $ 136,185 |
| Insurance | $ 14,815 | $ - |
| Inventory Payments | $ 8,000 | $ 8,000 |
| Leases |  |  |
| Office Supplies | $ 1,500 | $ 1,500 |
| Payroll | $ 55,000 | $ 55,000 |
| Professional Fees (Acocunting & Legal) | $ - | $ - |
| Rent | $ - | $ 57,885 |
| Repairs & Maintenance | $ - | $ - |
| Secured Creditor Payments | $ - | $ - |
| Taxes Paid - Payroll | $ 7,300 | $ 7,300 |
| Taxes Paid - Sales & Use | $ - | $ - |
| Taxes Paid - Other | $ - | $ - |
| Telephone and Internet | $ - | $ - |
| Travel & Entertainment | $ 1,200 | $ 1,200 |
| U.S. Trustee Fees (if applicable) | $ - | $ - |
| Utilities | $ 1,000 | $ 1,000 |
| Vehicle Expenses | $ - | $ - |
| Other Operating Expenses | $ 1,000 | $ 1,000 |
| Total Expenses | $ 89,815 | $ 132,885 |
| Ending Cash | $ 39,185 | $ 3,300 |